UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIE DRAMMEH, YUSUPHA CEESAY, individually and as surviving parents of Cherno Ceesay, and MARAM CEESAY, personal representative of the estate of Cherno Ceesay,<br><br>*Plaintiffs*,<br><br>v.<br><br>UBER TECHNOLOGIES INC., a Delaware corporation, RASIER LLC, and THE FIRST DOE THROUGH ONE HUNDREDTH DOE, inclusive,<br><br>*Defendants*. | CASE NO. 2:21-cv-00202-BJR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATMENT |
| UBER TECHNOLOGIES INC., a Delaware corporation, RASIER LLC,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>OLIVIA BREANNA-LENNON BEBIC and DEVIN KEKOA WADE,<br><br>Third-Party Defendants. | |

1

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss and Motion for More Definite Statement. Dkt. No. 19 ("Mot.").[1,2] Defendants seek dismissal of Plaintiffs' claims for punitive damages and a more definite statement as to the claims advanced against each corporate Defendant. Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant the Motion to Dismiss, but deny the Motion for More Definite Statement. The reasoning for the Court's decision follows.

## II. BACKGROUND

Defendant Uber Technology Inc. is the familiar San Francisco-based company which has developed a ride-hailing app to match drivers and riders. Am. Compl., Dkt. No. 15 ¶ 10, 14 ("Am. Compl."); *see also* Mot. at 3. Defendant Raiser LLC is a wholly-owned Uber subsidiary which directly contracts with drivers who utilize the Uber App. Am. Compl. ¶¶ 10, 15; Mot. at 11.

According to Plaintiffs' Amended Complaint, Cherno Ceesay was utilizing the App on December 13, 2020 to pick up customers in Issaquah, Washington. Am. Compl. ¶ 45. Plaintiffs allege that the App matched Ceesay with two riders, Olivia Bebic and Devin Wade, who opened accounts on the App with fabricated profiles just prior to hailing Ceesay. *Id.* ¶¶ 46–47. Shortly thereafter, Bebic and Wade attacked Ceesay with a knife in an attempted robbery, killing Ceesay.

---

[1] Defendants have requested oral argument. Mot. at 1. The Court finds that oral argument is unnecessary as it is able to decide the Motion on the briefs. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument"); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("a district court can decide the issue without oral argument if the parties can submit their papers to the court").

[2] As the Motion includes inconsistent numbering, the Court will refer to the page number derived from the file uploaded to the Court's Case Management/Electronic Case Files system.

*Id.* ¶¶ 48–50. Both were arrested two days later in connection with Ceesay's murder. *Id.* ¶ 52.

Plaintiffs are Ceesay's parents and sister, who bring suit both in their individual capacities and as representative of Ceesay's estate. *Id.* ¶ 9, 11–13. They claim that despite being well-aware of the potential dangers their drivers face, Defendants fail to utilize common safety measures, such as driver-passenger barriers and video-surveillance, and fail to properly screen potential riders, measures which would have protected Ceesay from assault. *Id.* ¶¶ 3–4. Plaintiffs further claim that Defendants prevent drivers from using their own best safety judgment by penalizing those who decline or cancel rides. *Id.* ¶¶ 16–34, 53–54.

Based on these allegations, Plaintiffs filed suit on February 17, 2021, *see* Compl., Dkt. No. 1, and filed their Amended Complaint on March 25, 2021, Am. Compl., Dkt. No. 15. In the Amended Complaint, they advance causes of action for Negligence, Wrongful Death (RCW 4.20.010), and under the Death of a Child statute (RCW 4.24.010). Am. Compl. ¶¶ 11–13, 92–95. They also seek punitive damages. *Id.* ¶¶ 96–100.

In response, Defendants filed their pending Motions, which seek to dismiss Plaintiffs' claim for punitive damages and a more definite statement against each corporate Defendant. *See generally* Mot., Dkt. No. 19.

### III.   MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim is appropriate for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Plaintiffs need not include "detailed factual allegations" in their complaints, but must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing motions made under Rule 12(b)(6), the Court "is obliged to 'accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Wilson v. Craver*, 994 F.3d 1085, 1089 (9th Cir. 2021) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).

### B. Discussion

Defendants argue that Plaintiffs' punitive damages claim should be dismissed as Washington does not recognize punitive damages absent express statutory authorization. Mot. at 5–10; *see also Barr v. Interbay Citizens Bank of Tampa, Fla.*, 635 P.2d 441, 443 (Wash. 1981), *amended*, 649 P.2d 827 (Wash. 1982). Plaintiffs argue that Defendants' Motion should be denied because California law should apply to their punitive damages claim, and California law recognizes such damages. Pls.' Opp'n to Defs.' Mot. to Dismiss First Am. Compl. and Mot. for More Definite Statement, Dkt. No. 22 at 3–9 ("Resp."); *see* CAL. CIVIL CODE § 3294.

The Court need not, however, conduct a choice of law analysis at this stage. Even were California law to apply to Plaintiffs' punitive damages claims, California law requires Plaintiffs to allege fraud, oppression, or malice to be entitled to such relief. *See* Cal. Civil Code § 3294 ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."); *see also Shin v. ICON Found.*, No. 20-cv-07363, 2021 WL 1893117, at *14 (N.D. Cal. May 11, 2021). Further, when pleading a claim for California punitive damages in a federal district court sitting according to diversity jurisdiction, as this one does here,

4

Plaintiffs must meet the heightened pleading standard of Federal Rule of Civil Procedure 9. *Rees v. PNC Bank*, N.A., 308 F.R.D. 266, 273 (N.D. Cal. 2015).

Plaintiffs, however, have made no claims for fraud, oppression, or malice in their Amended Complaint. *See generally* Am. Compl. Instead, they seek punitive damages based on their claims of negligence, which are insufficient under California law. As such, the Court will grant Defendants' Motion to Dismiss.

### IV.   MOTION FOR MORE DEFINITE STATEMENT AS TO EACH DEFENDANT

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(e), a defendant may move for a more definite statement where a complaint is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such relief, however, is generally disfavored. *Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, No. 09-cv-1807 2011 WL 13232195, at *1 (W.D. Wash. Jan. 4, 2011). Complaints are ordinarily sufficient where they comply with Rule 8's requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ledcor Indus.*, 2011 WL 13232195, at *1. As such, "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005).

#### B. Discussion

Defendants argue that the Court should dismiss the current Complaint, and compel Plaintiffs to file a new complaint, as Plaintiffs have failed to provide sufficiently detailed allegations specific to each corporate Defendant necessary for the Defendants "to understand how

the claim for liability relates to each of them." Mot. at 2; *see also id.* at 9. As they point out, the Amended Complaint notes the parent-subsidiary relationship between Uber and Raiser but refers to them collectively. *See* Am. Compl. ¶ 15. Plaintiffs respond that a more definite statement is unnecessary as the Amended Complaint provides sufficient detail at this early stage of the case. Resp. at 10–13. The Court agrees with Plaintiffs.

The corporate Defendants are closely related entities, which operate within in a larger corporate structure. The Amended Complaint spells out as much. Which corporation is responsible for which action, however, is information in the Defendants' control. Plaintiffs' Amended Complaint provides sufficient detail for Defendants to determine the substance of the claims against them.

The Court will deny the Motion for More Definite Statement.

## V.  CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Motion for More Definite Statement. Dismissal of Plaintiffs' claims for punitive damages is without prejudice.

DATED this 14th day of June, 2021.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE