The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIE DRAMMEH and YUSUPHA CEESAY, Individually, as Surviving Parents of CHERNO CEESAY; and MARAM CEESAY, Personal Representative of the Estate of CHERNO CEESAY,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER LLC, and THE FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE,<br><br>Defendants. | No. 2:21-202 BJR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM DEADLINE TO FILE FRE 702 MOTION TO EXCLUDE JOELLEN GILL TESTIMONY [DKT. 107]** |

## I. INTRODUCTION

Defendants Uber Technologies, Inc. and Rasier LLC (collectively, "Uber"), created a scheduling problem for which they now try to blame Plaintiffs, misrepresenting the record and then claiming they should be allowed weeks of extra time to file a motion to exclude the testimony of safety engineer Joellen Gill, a motion they surely know has no merit. Uber's concerted strategy of delay and obfuscation, in evidence throughout the pendency of this case, resulted in a scheduling squeeze play in the final weeks of the discovery period, with Uber stalling its production of documents critical to Ms. Gill's opinions until as late as June 24, 2022—the discovery cutoff. Given its delays, Uber agreed to push Ms. Gill's deposition to July 7—without even mentioning the deadline for filing a motion to exclude. Uber has not shown the "good cause" that must be



CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

"clearly evident" to justify modifying the Court's scheduling order. *See* LCR 16(b)(4) and Section D, Standing Order of Hon. Barbara J. Rothstein. [Dkt. #7] Uber's "Motion for Relief From A Deadline" should be denied.

## II. DISCUSSION

### A. The Relevant Scheduling History (As Supported By The Record).

#### 1. Uber's Delays in Producing Key Witnesses and Documents Created The Scheduling Issue It Now Complains About.

On April 4, 2022, the Court entered an amended *stipulated* case scheduling order. As the parties had requested, the order set **May 24, 2022,** as the expert disclosure deadline, **June 24, 2022,** as the discovery cutoff, and **July 1, 2022,** as the deadline for filing all "reasonably foreseeable motions," including dispositive motions and motions to exclude expert testimony. *See* Dkt. #76; LCR 16(b)(3).

Uber has resisted discovery from the beginning of the case. There have been no fewer than five discovery conferences with the Court; at each the Court ordered Uber to produce withheld documents or to make witnesses available. This practice has continued up through last week, when on July 15, 2022, Uber finally produced a 182-page PowerPoint, containing multiple admissions supportive of the opinions of plaintiffs' experts Joellen Gill, Annmarie Corrigan, and Joe Rubino.

Because of Uber's delay tactics the first deposition of Uber's six Fed.R.Civ.P. 30(b)(6) witnesses took place on June 14, **10 days before the discovery cutoff.** The last one was on July 14. *See* Declaration of Corrie J. Yackulic in Opposition to Defendants' Motion for Relief from Deadline ("Yackulic Decl."), ¶¶3, 15, and Exhibits thereto. Indeed, it took a court order even to get Uber to identify FRCP 30(b)(6) designees and dates in the first place. *See* Dkt. #81 (May 31 Order); Yackulic Dec., ¶16 (regarding the follow-up deposition of Cory Freivogel.



CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

Similarly, Uber failed to timely produce key documents relevant to Plaintiffs' experts' opinions, including those of Ms. Gill. Thus, for example, Uber did not produce key portions of the instructions for its agents who fill out incident report forms—the "foundation for Uber's safety efforts"—until **June 24, 2022 (**the discovery cutoff date), more than **five weeks after they were due** and after repeated pushing by Plaintiffs. Yackulic Dec, ¶13. These late-produced documents go to the heart of Ms. Gill's opinions that Uber's safety incident recording system was deficient. *Id.* Likewise, Uber withheld the McDonald Document until on a fraudulent claim of attorney-client privilege, until **July 15, 2022,** after Ms. Gill's deposition and after the Court's *in camera* review and a hearing on that privilege claim. That document should have been produced in response to RFP No. 1, Set 9,[1] as well as at Ms. McDonald's deposition on June 27. It definitively corroborates Ms. Gill's opinions that Uber's "safety taxonomy" was deficient because it contained no category for carjacking, Uber's agents coded carjackings inconsistently or not at all, and Uber was unable to and did not observe the surge in carjackings that began after the pandemic shutdown. Yackulic Dec., ¶17.

**2. Scheduling of Ms. Gill's Deposition and Uber's Silence About An Extension of the Deadline for Filing A Motion to Exclude Her Testimony.**

Uber's account of the scheduling of Ms. Gill's deposition is inaccurate and misleading in important respects. Plaintiffs initially offered Ms. Gill on Saturday, June 25, 2022, not June 19, as Uber claims. Mot. at 2. At the time—***because of Uber's delays in making its FRCP 30(b)(6)***

[1] Plaintiffs propounded these requests on May 9, 2022, and Uber provided responses and supplemental responses on June 9–10, 2022, respectively. RFP No. 1, Set 9 requested:

> all reports, studies, or analysis looking at Riders/Guest Riders who are reported to have assaulted a Driver, and any correlation to any features or qualities of such Riders' accounts (*e.g.,* accounts created using false information, missing information) or payment methods (*e.g.*, use of payment methods that are not traceable to the account holder).



CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

***witnesses available for deposition***—the parties were looking at scheduling no fewer than 18 depositions: Uber's six corporate representatives, the three plaintiffs (whom Uber inexplicably left to depose for the final week of the discovery period), the parties' seven expert witnesses, and two other Uber fact witnesses, whose appearances Uber had also unilaterally delayed. Yackulic Dec., ¶¶3, 4 and Ex. 2 (email). Uber originally rejected the June 25 date because it was one day after the discovery cutoff—not because it was on a weekend date. Yackulic Dec., ¶5 and Ex. 3 (email).

Given Uber's original position regarding the discovery cutoff (and the fact that depositions were already double-set on most remaining weekdays), Ms. Gill agreed to appear for deposition on Sunday, June 19. Yackulic Dec., ¶6 and Ex. 4 (email). In response, Uber advised it "would need to move Gill" because June 19 was Father's Day and counsel did "not think he could find anyone to cover that deposition." Yackulic Dec., ¶7 and Ex. 5 at p. 2 (email). Uber did not object to other weekend dates, nor did it mention Juneteenth, then or any time until its motion filed last week. *Id.*

Accordingly, Plaintiffs offered Ms. Gill again on Saturday, June 25. ***Uber*** then asked if Ms. Gill could be available on a weekday the week of June 27—after the discovery cutoff. In fact, Uber itself had already asked to move the depositions ***of its own witnesses*** to that week, after the cutoff date. *Id.*

Plaintiffs advised Uber that Ms. Gill "might be available on June 29, but she also might get called out for trial that date. If she is, she may not be available for dep for some weeks." *See* Yackulic Dec., ¶ 10, and **Ex. 6,** at p. 4. The next day, June 9, 2022, Uber accepted the provisional June 29 deposition date—***without saying a word about extending the July 1, 2022 deadline*** for filing any motion to exclude Ms. Gill's testimony. *Id.*, ¶11**,** and Ex. 6, at pp. 2, 4.

In the meantime as discussed above, it was not until **June 24, 2022,** that Uber produced



CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

the key pages from its "safety taxonomy"—more than five weeks late—and ***during*** the deposition of the FRCP 30(b)(6) designee on the topic of the incident report forms and taxonomy. *Id.*, ¶13.

On Saturday, June 25, 2022, Plaintiff's counsel advised Uber that its delays in producing the incident report instructions, all incident reports, and scheduling 30(b)(6) depositions required continuing Ms. Gill's June 29 deposition:

> These delays have severely prejudiced her ability to prepare for her deposition. The delays have, in fact, made it impossible for her to prepare since the discovery goes to the core of her opinions. With respect to the jira instructions, as you will recall, we requested those on April 19. We received two documents on May 20, which were facially incomplete. We called that to your attention. On May 31 you produced four other documents—which again were facially incomplete. We called that to your attention. Over a month after the documents were due, on June 23 Uber finally produced the Safety Taxonomy that is supposed to be used for the incident reports. But it, too, was facially incomplete. We called that to your attention, and ***during the deposition of Uber's 30b6 designee on the incident reporting system***, Uber finally produced additional definitions in the Safety Taxonomy….. We had a similar experience with the scheduling of the 30(b)(6) witnesses. We initially noticed them for May 25, but as we approached that date Uber had provided us no confirmed witnesses or dates. It was only after Judge Rothstein ordered Uber to provide us witnesses and dates that we got the 30b6 depositions on the calendar. The dates you offered were all in the last two weeks of the discovery period; at your request we agreed to push two of them to the week after the DCO. Both Matt Baker (Friday, June 24) and Katy McDonald (Monday, June 27) are designated on topics directly relevant to Ms. Gill's opinions. ***Under these circumstances, it would be unfair, not to mention unproductive, to force Ms. Gill to appear for a deposition on June 29***. I trust you will cooperate with us to get her dep reschedule for July 6 or 7.

*Id.* at ¶14 and **Ex. 7** thereto (some emphasis supplied).

The next day, June 26, 2022, Uber's counsel agreed to continue Ms. Gill's deposition to July 7. ***As the email from Uber's counsel shows, Uber did not complain that Plaintiffs were "unilaterally" cancelling the deposition. To the contrary, Uber <u>agreed</u> to the rescheduling—as it had no valid basis for objecting. Nor did Uber raise any issue about the deadline for filing a motion to exclude Ms. Gill's deposition***. *See* Yackulic Dec., ¶ 14 and **Ex. 7.**

Uber claims now, vaguely, that Plaintiffs "indicated that they would consider a possible



CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

stipulation for a possible Motion to Exclude Ms. Gill being filed after the deadline." Mot. at 3. At no time did Plaintiffs ever agree to such an extension—as the contemporaneous record before the Court confirms.

### 3. Uber Should Bear the Consequences of—Not Benefit By—Its Delay Tactics; There Should Be No Extension of the July 1, 2022 Deadline For A Motion to Exclude Ms. Gill's Opinions.

As the record shows, Ms. Gill's deposition went forward on July 7, 2022, instead of June 29 (or June 25, or June 19) because of Uber's conduct: its delays, obstruction, and its own scheduling decisions. ***Uber*** is responsible for the circumstances that lead to Ms. Gill's deposition taking place after the July 1 motions deadline. Plaintiffs have dogged Uber at every turn—but still, it was not until the discovery cutoff date that Uber produced the key pages of its safety taxonomy, relied on by Ms. Gill for her final opinions, and it was not until three weeks after later that Uber produced the McDonald Document, which provides unambiguous support for her opinions about the gaps in Uber's system for collecting and tracking carjacking incident data (among other problems).[2]

Even if Uber had insisted on going forward with Ms. Gill's deposition on June 29, a date ***Uber*** sought, *see* Yackulic Dec., ¶9 and Ex. 5, thereto—and Uber clearly did ***not*** so insist—Uber would not have met the July 1 filing deadline. It took Uber a full week after Ms. Gill's deposition just to file its "Motion for Relief From A Deadline". Uber is using the false accusation that Plaintiffs "unilaterally" continued Ms. Gill's deposition to July 7 as a post-hoc excuse to get more time for a deadline it never could have met. Such a tactic should not be rewarded.

[2] The McDonald Document provides **definitive support** for Ms. Gill's opinions--the **very opinions** Uber says it wants to try to exclude. Plaintiffs have objected to Uber's designation of the document as "confidential;" Uber can not meet its burden of proving that the document is properly designated. However, given that Plaintiffs wish to file this pleading without redactions, they will not quote the McDonald Document herein.



CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

## III. CONCLUSION

For the above-stated reasons, Uber's "Motion for Relief From a Deadline" should be denied.

DATED this 18th day of July, 2022.

Respectfully submitted,

CORRIE YACKULIC LAW PLLC
*/s/ Corrie J. Yackulic*________________
Corrie J. Yackulic, WSBA No. 16063
110 Prefontaine Place S, Suite 304
Seattle, WA 98104
Telephone: (206) 787-1915
Email: corrie@cjylaw.com

And

*/s/ Alexandra B. Caggiano*________________
WEINSTEIN CAGGIANO PLLC
Brian D. Weinstein, WSBA No. 24497
Alexandra B. Caggiano, WSBA No. 47862
Dylan Johnson, WSBA No. 54147
601 Union Street, Suite 2420
Seattle, Washington 98101
Telephone: (206) 508-7070
Email: service@weinsteincaggiano.com

Counsel for Plaintiffs

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on July 18, 2022, I e-served the following documents to the counsel listed below:

1. Plaintiffs' Opposition to Defendants' Motion for Relief from Deadline;

2. Declaration of Corrie J. Yackulic in Support of Plaintiffs' Opposition to Defendants' Motion for Relief from Deadline; and

3. Declaration of Service of the same.

| | | |
|---|---|---|
| **Co-Counsel for Plaintiffs**<br>Corrie J. Yackulic, WSBA No. 16063<br>Corrie Yackulic Law PLLC<br>110 Prefontaine Place S, Suite 304<br>Seattle, WA 98104<br>Telephone: (206) 787-1915<br>Email: corrie@cjylaw.com<br><br>Brent Rosenthal, TX Bar #17281075<br>*To be admitted Pro Hac Vice*<br>Law Office of Brent M. Rosenthal, PC<br>6617 Lakewood Blvd.<br>Dallas, TX 75214<br>Phone: (214) 679-1441<br>Email: broselaw@gmail.com | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |

| | | |
|---|---|---|
| **Counsel for Uber Technologies, Inc. and Rasier, LLC**<br>Gary A. Wolensky, WSBA #54454<br>Marissa Alkhazov, WSBA #34278<br>Eleni A. Swank, WSBA #55947<br>Buchalter<br>1420 Fifth Avenue, Suite 3100<br>Seattle, WA 98101-1337<br>Telephone: 206.319.7052<br>Email: gwolensky@buchalter.com<br>Email: bthoreson@buchalter.com<br>Email: malkhazov@buchalter.com<br>Email: eswank@buchalter.com<br><br>Brandon Tran (*Admitted Pro Hac Vice)*<br>Damion Young, CA Bar #322053 | ( )<br>( )<br>( )<br>( )<br>( X )<br>( ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Federal Express<br>E-Mail<br>Hand Deliver |

| | | |
|---|---|---|
| *Admitted Pro Hac Vice*<br>Paul A. Alarcon, CA Bar # a 275036<br>*Admitted Pro Hac Vice*<br>Robin Jung, CA Bar #271894<br>*Admitted Pro Hac Vice*<br>Buchalter Law Firm<br>184 Von Karman Ave., Suite 800<br>Irvine, CA 92612-0514<br>Phone: (949) 224-6434<br>Email: btran@Buchalter.com<br>Email: dyoung@buchalter.com<br>Email: ccruz@buchalter.com<br>Email: palarcon@buchalter.com | | |

DATED this 18th day of July, 2022.

*/s/ Vicki Milbrad*
Vicki Milbrad
Legal Assistant