HONORABLE BARBARA ROTHSTEIN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMIE DRAMMEH, and YUSUPHA CEESAY, Individually, as Surviving Parents of CHERNO CEESAY; and MARAM CEESAY, Personal Representative of the Estate of CHERNO CEESAY,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER LLC, and THE FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE;<br><br>Defendants. | Case No. 2:21-cv-00202-BJR<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO** |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# INTRODUCTION

Uber is not a taxi company. It does not provide limousine services, private car services, bus services or, any other similar type of service. Despite these critical distinctions, and instead of seeking out an expert in the ridesharing industry, Plaintiffs retained Joseph Rubino to testify regarding "industry standards" that relate to taxi cabs. Mr. Rubino has never worked for a rideshare company such as Uber, and has no experience developing policies for ridesharing companies. Nevertheless, Plaintiffs' Opposition attempts to force a square peg into a round hole arguing (without any relevant authority or citation), that the two industries are the same and that the "standards" Mr. Rubino alludes to are fungible. This is not the case.

Apart from falling outside the scope of the ridesharing industry, Mr. Rubino's opinions are impermissible as they are based on simple, common sense propositions, do not assist the trier of fact, and are unsupported by any methodologies or standards. The Court should grant Uber's Motion to Exclude.

# ARGUMENT

Mr. Rubino's opinions fall well outside his proffered area of expertise, do not assist the trier of fact, and should be excluded for the reasons set forth in Uber's Motion to Exclude and as detailed below.

**A. Plaintiffs do not identify a single case permitting an expert to offer opinions that fall outside their qualifications or area of expertise.**

It is undisputed that Mr. Rubino never worked for rideshare companies such as Uber or Lyft, and has no familiarity with the policies for such companies. In lieu of finding an expert with such experience, Plaintiffs attempt to shoehorn Mr. Rubino's taxi-cab based qualifications onto the dissimilar ridesharing industry. In so doing, however, they do not—and cannot—identify any case where an expert is permitted to opine in an area outside their scope of knowledge.

Plaintiffs' invocation of this Court's opinion in *Chawla v. Western Washington University* is

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

misguided. *See* No. 2:20-CV-1129-BJR, 2021 WL 6197003, at *1 (W.D. Wash. Dec. 30, 2021). In *Chawla*, an employment discrimination case, this Court excluded two opinions of plaintiff's human resources expert because: (1) one opinion regarding the defendant's mental state fell outside the expert's scope of qualifications; and (2) the other opinion merely recited basic factual issues of the case without any accompanying analysis did not assist the trier of fact. *Id.* at *2–3. In contrast, and consistent with the expert's human resources background, the Court permitted the expert to provide opinions regarding defendant's human resources policies. *Id.* at *3. The case does not, as Plaintiffs claim, stand for the proposition that an expert with decades of experience in one area can provide expert opinions regarding *other*, unrelated areas. This is precisely Uber's point: Mr. Rubino's experience lies within an industry that is entirely separate from Uber's business model and involves different standards and considerations. Like the expert in *Chawla* who lacked the qualifications to testify regarding a defendant's mental state, so too Mr. Rubino lacks the qualifications to testify regarding Uber's policies or the standards of the TNC industry, in which he has never worked and for which he has developed no policies.

In fact, Plaintiffs point to no case law to support their assertion that an expert who may be qualified in one industry may provide expert testimony in an industry that Plaintiffs allege (without meaningful analysis) to be "similar." Opposition at 3. Along that line, the cases cited by Plaintiffs in their opposition concern experts who were permitted to provide testimony that fell squarely within their subject-matter expertise. *See, e.g.*, *Chawla*, 2021 WL 6197003, at *3 (human resources expert permitted to opine on human resources topics); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015–16 (9th Cir. 2004) (expert who worked for insurance companies for 25 years permitted to testify regarding insurance claims adjustment); *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, No. C06-1750JLR, 2014 WL 1494026, at *4 (W.D. Wash. Apr. 16, 2014) (electrical engineer with experience regarding *applicable* National Fire Protection Association standards permitted to testify regarding those standards); *IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2019

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

WL 4750129, at *4 (D. Ariz. Sept. 30, 2019) (expert with decades of experience in the semi-conductor industry permitted to opine regarding semi-conductor operations).

Mr. Rubino's background and experience fall outside the scope of the TNC industry. Mr. Rubino drove a taxicab for two years. Rubino Depo. at 17:13–17. He later worked for a company that operated "buses, plus taxis, plus limos, plus medical vans, lift vans, everything." *Id.* at 26:12–13. He drafted training manuals for taxi cab drivers at that time. *Id.* at 26:17–19. Mr. Rubino never worked for a ridesharing company such as Uber or Lyft. He never provided driver training for rideshare drivers, or developed any internal policies regarding the identification or vetting of rideshare drivers. Stripped down, Plaintiffs' argument appears to be that, because the taxi cab industry involves vehicles, and because Uber's ridesharing service involves vehicles, it is an apples-to-apples comparison. But nothing could be further from the truth. A small, twin engine aircraft and a space shuttle are both capable of flight, but a small aircraft pilot would not be qualified about how to operate a space shuttle, or *vice versa*. But that is exactly what Plaintiffs attempt to do here. Allowing Mr. Rubino to testify regarding policies and procedures regarding an industry which is subject to specific regulations separate and distinct from taxi regulations, and with which he is unfamiliar, eviscerates *Daubert*'s gatekeeping role. Mr. Rubino's opinions should be excluded.

> **B. Mr. Rubino's "common sense" opinions do not assist a trier of fact and should be excluded.**

As Plaintiffs' Opposition concedes, Mr. Rubino's opinions were previously excluded because they were based on "common sense." Opposition at 10; Dkt. No. 92-1 at 93. But, when pressed at his deposition regarding the type of training that he claims Uber should have provided its drivers, Mr. Rubio stated that drivers are trained to use "common sense and your own mental capacity." Rubino Depo. at 133:6–7. Boiled down, Mr. Rubino's opinion that a company is required to train individuals to use common sense is neither rooted in any special area of expertise, nor does it assist a trier of fact. Mr. Rubino admitted as much when he conceded at his deposition that he could not say his proposed

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"common sense" training would have caused Mr. Ceesay to not pick up the alleged assailants in this case. Rubino Depo. at 138:21–25. A "fact finder is ... fully capable of understanding the evidence and deciding the issues through the use of its common knowledge and common sense." *Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2013 WL 524587, at *4 (D. Ariz. Feb. 11, 2013). Apart from being unrelated to the ridesharing industry, Mr. Rubino's "common sense" training opinion is entirely unhelpful to a trier of fact, and should be excluded.

### C. Mr. Rubino should not be permitted to testify regarding his opinion that "Mr. Ceesay died due to Uber's failure to comply with its own safety standards."

Plaintiffs' Opposition contends that Uber's distinguishing Mr. Rubino's non-rideshare experience is a "false distinction" because "Uber drivers transport strangers in vehicles for compensation." Opposition at 5. This oversimplification holds no water, and could apply to scores of dissimilar industries, including buses, airlines, cruise ships, trains, all of which are subject to different safety standards and regulations.

Setting this aside, as Uber highlighted in its motion, Mr. Rubino is unfamiliar with Uber's policies, could not identify any standards that Uber purportedly violated, and could not affirmatively state what documents he reviewed in developing his opinion. For example, at deposition, when pressed as to the source of his opinion, Mr. Rubino vaguely stated that "I'm making this statement generally based upon the fact that I know that—you know, I know that Uber requires certain things of their drivers and I know that certain—that Uber requires certain things of their riders." Rubino Depo. at 154:12–16. This vague statement fails to identify any policies that Uber supposedly violated, and underscores Mr. Rubino's unfamiliarity with Uber's standards and practices.

Compounding his lack of familiarity with Uber, Mr. Rubino's other opinions regarding the causation of Mr. Ceesay's death are moored in speculation and areas such as criminology, where Mr. Rubino is unqualified. For example, moments after he provided the vague statement above regarding unspecified "requirements" of drivers and riders on the Uber platform, Mr. Rubino stated—without

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO (Case No. 2:21-cv-00202-BJR) 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

foundation—that the alleged assailants did not intend to murder Mr. Ceesay "upon getting in the car, I think they just made that decision once they were there." *Id.* at 156:2–4. Apart from having no background or training in law enforcement or criminology, Mr. Rubino's belief regarding the mindset of the attackers is wholly speculative and is not germane to any of his opinions regarding Uber's policies. *Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) ("Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs.").

**D. Mr. Rubino should not be permitted to testify regarding Uber's alleged "failure to comply with industry standards" because he fails to identify any relevant industry standards.**

Again, as noted above, Mr. Rubino has no experience working in the TNC industry, and should not be permitted to impose standards from a dissimilar industry onto Uber. Nevertheless, Mr. Rubino should not be able to testify regarding "standards" that amount to nothing more than his personal belief on issues related to rider vetting and driver training.

Plaintiffs' Opposition mischaracterizes Uber's chief criticism of Mr. Rubino as a failure to cite to any *written* standards. Although it is true, and concerning, that Mr. Rubino cannot cite to any written standards, Uber's larger point is that Mr. Rubino cannot cite to any industry standards *at all*, but rather relies on his own subjective personal beliefs. Plaintiff provides an out-of-context citation to *Affiliated FM*, and claims that a failure to cite to written standards does not preclude an expert from providing an opinion. Opposition at 6; *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, No. C06-1750JLR, 2014 WL 1494023, at *6 (W.D. Wash. Apr. 16, 2014) (miscited in Plaintiffs' Opposition as 2014 WL 1494026). But that is not what *Affiliated* held. Rather, the court in *Affiliated* concluded that an expert was permitted to testify because, even though he did not identify any written standards, he nevertheless relied on specific standards "issued by APTA and IEEE" in forming his opinions. *Id*. at *6.

This is Uber's precise point. Mr. Rubino's failing is not simply that he did not cite to any specific written standards, it's that he cannot identify any standards that pertain to the ridesharing

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

industry **at all.** And, even his citations to standards that purportedly apply to the taxi cab industry lack any specificity or detail regarding the key issues in this case to be decided by a trier of fact. For example, Mr. Rubino testified that he could not identify any standards that related to the protection of drivers from physical assaults, which is the exact circumstance at issue in this case. Rubino Depo. at 63:24–64:2. And, although Mr. Rubino stated that he personally trained taxi drivers to look for "red flags", he could not point to any studies or industry data showing that Mr. Rubino's preferred training style was industry-wide or accepted. *Id.* at 127:25–128:5.

Plaintiffs' Opposition excerpts large portions of Mr. Rubino's deposition, and contends that Mr. Rubino identified "major talking points" from various industry grounds, including The Transportation Alliance, a taxicab interest group that holds itself out encompass "airport shuttle, executive sedan, limousine, non-emergency medical transportation, paratransit, and taxicab fleets."[1] The "major talking points" of a taxicab industry and lobbying group are not tantamount to industry standards, let alone industry standards that apply to the ridesharing industry.

Plaintiffs' Opposition further cites to *Chawla* and *Hangarter* for the general proposition that an expert may testify based on their knowledge and experience. Opposition at 12. But Plaintiffs again misapprehend the point. If anything, Mr. Rubino has experience in the taxi cab arena. But, Uber is arguing that Mr. Rubino lacks any experience whatsoever in the rideshare space, and cannot point to a single industry standard as it pertains to ridesharing. Tellingly, Plaintiffs attempt to sidestep this issue by baldly stating that such safety measures are "equally applicable" to the ridesharing industry (Opposition at 5), but neither they nor Mr. Rubino provide any citation, testimony, or admissible evidence in support of this statement.

Mr. Rubino's opinions are based solely on personal preference, unsubstantiated, and cannot assist a trier of fact, and therefore should be excluded.

---

[1] The Transportation Alliance, *History*, https://www.thetransportationalliance.org/History (last visited August 2, 2022).

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### E. Mr. Rubino should not be permitted to testify regarding Uber's alleged failure to warn, or failure to "require safety equipment" in vehicles.

Mr. Rubino affirmatively states that Mr. Ceesay died due to Uber's alleged failure to warn about, or require, safety devices in vehicles operated by drivers on the Uber platform. As highlighted in Uber's Motion to Exclude, despite this bold pronouncement, Mr. Rubino fails to offer any concrete information or studies to support his assertions.

For example, Plaintiffs' Opposition highlights Mr. Rubino's opinion that dashboard cameras are "standard" and "inexpensive", but fails to point to any supporting data or methodology related to either proposition. Opposition at 13. And, as before, Plaintiffs mischaracterize Uber's argument, contending that Uber's criticisms are solely based on a lack of citation to studies or authorities. Opposition at 13. Not so. As noted in Uber's Motion to Exclude, although it is true that Mr. Rubino's report lacks citations to any studies to support his propositions, the larger issue (also noted in Uber's motion) is that Mr. Rubino lacks the expertise and qualification to opine regarding the efficacy of dashboard cameras in ridesharing vehicles. Plaintiffs do not challenge Uber's assertion that Mr. Rubino is neither a statistician nor a data analyst.

Plaintiffs point to various studies that they claim show that dashcams are effective to deter crimes in taxi cabs, but identify none that show a reduction in crime as it pertains to the ridesharing industry. When asked at his deposition about a pilot program regarding dashboard cameras, Mr. Rubino again veered into his personal beliefs regarding the utility of such cameras, stating: "I will tell you if I'm a bad guy and I order up a Uber, and it tells me there's a camera in the car, I might cancel immediately. Because it's definitely a deterrent." Rubino Depo. at 162:8–13. Setting aside the various assumptions baked into this statement and the use of the word "might", Mr. Rubino's opinion is nothing more than the type of rank speculation that does not assist at trier of fact.

So too with Mr. Rubino's declaration submitted in connection with Plaintiffs' Opposition. Mr. Rubino claims to have reviewed a document produced by Uber titled "Responding to Carjackings", and summarily states it "confirms the opinions I testified to." Rubino Dec. at ¶ 8. But neither this

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

declaration, nor Plaintiffs' Opposition, or Responding to Carjackings document discuss the effectiveness of dashcams. Indeed, the document merely lists dashboard cameras as one of many various features that *could* be introduced, but says nothing about their effectiveness at preventing assaults like the one suffered by Mr. Ceesay. Without more, Mr. Rubino's bald statements regarding the effectiveness of dash cameras provides no insight to a jury, and his opinions about what such cameras "might" do is speculative, at best.

### F. Mr. Rubino should not be permitted to testify regarding his belief that Mr. Ceesay was an employee of Uber.

Finally, the Court should exclude Mr. Rubino's summary, unsupported opinion that Uber's drivers are in an employer/employee relationship with Uber. At the outset, as noted in Uber's motion, Mr. Rubino seeks to provide testimony on a legal issue, which is outside the purview of expert testimony.

Mr. Rubino is not an expert in the areas of employment or agency. He has never been employed by a ridesharing company and cannot speak to the definition of the relationship between a ridesharing company and its drivers. And, as noted in Uber's motion to exclude, Mr. Rubino admitted he was not asked to look at this issue, and that his report in fact refers to Uber's drivers as "independent contractors." Plaintiffs attempt to dodge this by characterizing Mr. Rubino's proffered testimony as regarding "facts showing the nature and extent of control Uber has over its drivers' work." Opposition at 15. Mr. Rubino is not a fact witness, and his testimony regarding any fact evidence will not assist a trier of fact. On the contrary, Mr. Rubino's cursory opinion that "I don't think they're independent contractors" flies in the face of the type of expert testimony that is permissible in the Ninth Circuit. *E.g.*, *Myers*, 2013 WL 524587, at *4 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

The Court should refuse to allow Mr. Rubino to testify regarding a clear issue of law.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CONCLUSION

For the reasons set forth above, and as more fully stated in Uber's Motion to Exclude, the Court should exclude the challenged opinions of Plaintiffs' expert Joseph Rubino.

RESPECTFULLY SUBMITTED this 5th day of August, 2022.

*s/ Gregory F. Miller*
James F. Williams, WSBA No. 23613
JWilliams@perkinscoie.com
Gregory F. Miller, WSBA 56466
GMiller@perkinscoie.com
Julie L. Hussey, (Admitted Pro Hac Vice)
JHussey@perkinscoie.com
Steven G. Williamson (Admitted Pro Hac Vice)
SWilliamson@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorney for Defendants Uber Technologies, Inc. and Rasier LLC*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

☑      **ELECTRONICALLY** I hereby certify that on August 5, 2022, I electronically served, via the Court's electronic filing system, the foregoing document on the following attorneys of record:

| | |
|---|---|
| Alexandra B. Caggiano<br>Brian Weinstein<br>Dylan J. Johnson<br>WEINSTEIN CAGGIANO PLLC<br>600 University Street, Suite 1620<br>Seattle, WA 98101 | *Attorneys for Plaintiffs*<br>*Amie Drammeh, Cherno Ceesay's mother;*<br>*Yusupha Ceesay, Cherno Ceesay's Father:*<br>*and Maram Ceesay, as personal*<br>*representative of the Estate of her brother*<br>*Cherno Ceesay*<br><br>Tel: 206-508-7070<br>Fax: 206-237-8650<br><br>Email: service@weinsteincaggiano.com<br>alex@weinsteincaggiano.com<br>brian@weinsteincaggiano.com<br>dylan@weinsteincaggiano.com |
| Corrie J. Yackulic<br>Larken Yackulic<br>CORRIE YACKULIC LAW FIRM PLLC<br>110 Prefontaine Pl S Suite 304<br>Seattle, WA 98104 | *Attorneys for Plaintiffs*<br>*Amie Drammeh, Cherno Ceesay's mother;*<br>*Yusupha Ceesay, Cherno Ceesay's Father:*<br>*and Maram Ceesay, as personal*<br>*representative of the Estate of her brother*<br>*Cherno Ceesay*<br><br>Tel: 206-787-1915<br>Email: corrie@cjylaw.com<br>larken@cjylaw.com |

☑      **BY MAIL** And I hereby certify that I have mailed by United States Postal Service the via certified mail document to the following participants:

| | |
|---|---|
| *Third-Party Defendant – Pro Se*:<br>Olivia Breanna-Lennon Bebic<br>BA #220018206<br>King County Correctional Facility<br>500 Fifth Avenue<br>Seattle, WA 98104 | *Third-Party Defendant Pro Se*:<br>Devon Kekoa Wade<br>BA #220018207<br>Regional Justice Center Correctional Facility<br>620 West James Street<br>Kent, WA 98032 |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

／s／    *Gregory F. Miller*
Gregory F. Miller

*Attorney for Defendants Uber Technologies, Inc. and Rasier LLC*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT WITNESS JOSEPH RUBINO
(Case No. 2:21-cv-00202-BJR) 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000