The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRAMMEH, et al.,

    Plaintiffs,

v.

UBER TECHNOLOGIES INC., et al.,

    Defendants.

Civil Action No. 2:21-cv-202-BJR

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OR FOR CERTIFICATION

**ORDER**

The Court granted summary judgment for Defendants in this wrongful death action on September 27, 2022, and issued a final judgment closing the case. Dkt. 165. Plaintiffs have moved for reconsideration of the Court's order or, alternatively, for certification of underlying questions of state law to the Washington Supreme Court. Dkt. 170. Having reviewed the motion, the record of the case, and the relevant legal authorities, the Court will deny Plaintiffs' motion. The reasoning for the Court's decision follows.

**A.**    **Reconsideration**

A motion for reconsideration is only granted if there is newly discovered evidence, manifest error in the prior ruling, or an intervening change in controlling law. *Weeks v. Bayer*, 246 F.3d

1231, 1236 (9th Cir. 2001). Plaintiffs seek reconsideration on the grounds that the Court (1) "erroneously disregarded evidence establishing that Uber had a special relationship with Ceesay and thus a legal duty to protect him from foreseeable risk"; (2) committed manifest error in its "factual finding that Uber did not commit misfeasance causing Ceesay's death"; and (3) committed manifest error in its "factual finding that the carjacking and murder of Cherno Ceesay was not foreseeable." Dkt. 170 at 1-8. Plaintiffs' motion does not contain any arguments or facts that were not presented in the parties' summary judgment briefing. Accordingly, the Court has already considered them and made a determination. Plaintiffs have not cited any valid reason to reconsider them here, other than that they disagree with the Court's decision.

**B.     Certification**

The Washington statute governing certification of state-law questions by a federal court states: "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved . . . ." RCW 2.60.020. Plaintiffs seek certification on the grounds that this case involves "unsettled, novel issues" of state law regarding the existence and scope of duty that carry "significant policy implications." *Id.* at 8. However, Plaintiffs make no attempt to establish that these issues of state law are "necessary . . . to dispose of [a pending] proceeding." Certification is clearly not necessary to dispose of the case, as the Court has already disposed of it by applying existing Washington law. The case is also not "pending"—it is closed. As Defendant correctly notes, the Ninth Circuit has "long looked with disfavor upon motions to certify that are filed after . . . the federal district court has issued a decision" and the moving party "did not mention the possibility of certification until after the district court entered summary judgment against it."

*Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1109 (9th Cir. 2013).  A review of the record reveals that Plaintiffs never mentioned certification prior to the Court entering summary judgment against them.

Accordingly, certification of questions to the Washington Supreme Court is improper in this case, and Plaintiffs' motion for reconsideration or certification is denied.

## CONCLUSION

Plaintiffs' motion for reconsideration or certification (Dkts. 169, 170) is DENIED.  The parties' motions to seal various filings (Dkts. 168, 174) are GRANTED.

DATED this 19th day of December, 2022.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE